FILED
SUPERIOR COURT
OF GUAM

2022 FEB 10 AM 10: 52

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>                     Plaintiff,<br><br>    vs.<br><br>MARK FRANCIS AGUIGUI SABLAN,<br><br>                     Defendant. | Case No. CF0211-20<br><br>**DECISION AND ORDER**<br>**(Defendant Mark Francis Aguigui Sablan's**<br>**Motion for Reconsideration)** |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on December 7, 2021, following further proceedings on Defendant Mark Francis Aguigui Sablan's Motion for Reconsideration of Decision and Order Denying Motion in Limine to Admit Into Evidence Judgment of Conviction of Co-Occupant of Vehicle ("Motion for Reconsideration"), filed on August 17, 2021. Attorney Terry Timblin appeared for Mark Francis Aguigui Sablan ("Defendant"). Assistant Attorney General Jeremiah Luther appeared for the People of Guam ("People"). Having considered the arguments and the applicable law, the Court hereby **DENIES** Defendant's Motion for Reconsideration.

### BACKGROUND

The factual background of this matter was previously set out by the Court in a Decision and Order issued on August 2, 2021. The following explains the relevant history of the instant case that led to Defendant's Motion for Reconsideration.

Defendant was a passenger in a vehicle operated by Michael Joseph Cruz Guzman ("Guzman") when Guam Police Department ("GPD") officers conducted a traffic stop on the vehicle. Mag. Complaint, Apr. 20, 2020. The officers obtained consent, searched the vehicle, and found methamphetamine. *Id.* Defendant was charged with Possession of a Schedule II Controlled Substance (As a Third Degree Felony). *Id.* According to Defendant, Guzman was never charged with any crime and appears on the People's witness list for Defendant's trial. Def. Mark Francis Aguigui Sablan's Mot. in Limine to Admit Into Evidence J. of Conviction of Co-Occupant of Vehicle (hereinafter "Mot. in Limine"), at 3 Mar. 16, 2021. Defendant filed a Motion in Limine to admit into evidence a judgment of conviction in Superior Court Criminal Case No. CF0030-05, *People v. Michael Joseph Cruz Guzman*, to show Guzman has a prior conviction for Possession of a Schedule II Controlled Substance. Mot. in Limine. The People filed an opposition. People's Reply to Def.'s Mot. in Limine to Admit Into Evidence J. of Conviction of Co-Occupant of the Vehicle, Apr. 16, 2021. Defendant filed a reply to the People's opposition. Def. Mark Francis Aguigui Sablan's Reply to Gov't Opp'n. to Mot. in Limine to Admit into Evidence J. of Conviction of Co-Occupant of Vehicle (hereinafter "Reply to Gov't. Opp'n. to Mot. in Limine" at 2–3).

The Court issued a Decision and Order denying Defendant's Motion in Limine on August 2, 2021. Dec. and Order Re: Def.'s Mot. in Limine (hereinafter "Dec. and Order," Aug. 2, 2021. On August 17, 2021, Defendant filed the instant motion. Def. Mark Francis Aguigui Sablan's Mot. for Recons. of Dec. and Order Def.'s Mot. in Limine to Admit into Evidence J. of Conviction of Co-Occupant of Vehicle (hereinafter "Mot. for Recons."), Aug. 17, 2021. The People filed an opposition. (People's Opp'n. to Mot. for Recons., Aug. 25, 2021. Defendant filed a reply. Def. Mark Francis Aguigui Sablan's Reply to Opp'n. to Mot. for Recons. of Dec. and Order Def.'s Mot. in Limine to Admit into Evidence J. of Conviction

of Co-Occupant of Vehicle (hereinafter "Def.'s Reply to Opp'n."), Aug. 31, 2021. The Court took the motion under advisement on December 7, 2021. Minute Entry, Dec. 7, 2021.

## DISCUSSION

The Local Rules of the Superior Court of Guam provide that a party shall only make a motion for reconsideration if one of the following applies: "(1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or (3) a manifest showing of a failure to consider material facts presented to the court before such decision." CVR 7.1(i). This rule also prohibits parties from repeating any oral or written argument in a motion for reconsideration that was already made in the original motion. *Id.*

Defendant argued in his initial Motion in Limine that Guzman's conviction is admissible under "reverse" Guam Rules of Evidence ("GRE") 404(b). Reply to Gov't. Opp'n. to Mot. in Limine at 2–3. Character evidence is generally not admissible for the purpose of proving action in conformity with an action taken on another occasion. GRE 404(a). GRE 404(b) permits the Court to admit evidence of other crimes provided it is used for a purpose other than to show the person acted in conformity with the other crimes. The evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident. GRE 404(b). Under the "reverse" theory of 404(b), a Defendant may introduce prior bad acts that fit within the 404(b) exception for defensive purposes. *United States v. Reed*, 259 F.3d 631, 634 (7th Cir. 2001). The defendant uses 404(b) evidence against another person as exculpatory evidence instead of the prosecutor using

404(b) evidence against the defendant. *United States v. Lucas*, 357 F.3d 599, 606 (6th Cir. 2004).

Defendant argues that "[t]he Court committed clear error by misstating the facts" when the Court stated in its Decision and Order that Defendant—not Guzman—appeared high to the officers during the traffic stop. Mot. for Recons. at 2. Defendant further argues the Court "committed clear error" by applying GRE 609, when Defendant explicitly attempted to admit the conviction under GRE 404(b). *Id.* Lastly, Defendant argues that whether or not Guzman is the person being prosecuted is not significant to whether the Court can admit Guzman's conviction. *Id.* The People assert that Defendant has not presented anything new in the motion and instead restates his initial arguments "without any novel or different content." People's Opp'n. to Mot. for Recons. at 2. Consequently, the People assert that Defendant's motion is barred by CVR 7.1(i). *Id.* at 2–3.

### A. Defendant's motion does not comply with the requirements of CVR 7.1 because there was no misstatement of a material fact.

The Court's Decision and Order states "[t]he Officers allegedly observed that Defendant 'displayed indicators of a person under the influence of an illegal substance.'" Dec. and Order at 2. Defendant's Motion in Limine states "Officer Pangelinan observed that Guzman 'displayed indicators of a person under the influence of an illicit substance.'" Mot. in Limine at 2. As there is a discrepancy between the facts contained in the Defendant's Motion in Limine and those contained in the Decision and Order, the Court finds that the Decision and Order incorrectly described Defendant—instead of Guzman—as the occupant in the vehicle who appeared high.

However, this fact is not a material fact. Black's Law Dictionary defines a material fact as "a fact that makes a difference in the result to be reached in a given case." Replevin,

Black's Law Dictionary (10 ed. 2014). Similarly, the United States Supreme Court has defined a material fact as a fact that that may affect the outcome of a case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether it was Defendant or Guzman who was high did not affect the Court's legal analysis in determining if Guzman's prior conviction satisfied the requirements of GRE 404(b). The Court does not discuss Defendant appearing high in its analysis anywhere in the Decision and Order. The only time the Court mentions this fact is in the background section of the case. Dec. and Order at 2. The Court held that the conviction was inadmissible because it did not meet the requirements of the intent exception. *Id.* at 4–5. The Court found the conviction met the requirements of the identity exception, and a conviction is too generic to be admissible under that exception. *Id.* at 4–5. Accordingly, while there was an error in the Court's statement of the facts, it made no difference in the outcome of the motion. As the Defendant fails to identify a misstatement of a material fact, CVR 7.1 prohibits reconsideration of Defendant's Motion in Limine.

**B. Defendant's motion does not comply with the requirements of CVR 7.1 because he repeats arguments that were made in his initial motion.**

Additionally, Defendant fails to make any arguments that he did not make in his original motion. Thus, the People are correct that defendant's motion does not meet the standards of CVR 7.1. Defendant argues that he could not "argue that the facts had been misstated until the Decision and Order had been issued." Def.'s Reply to Opp'n. at 1. While that statement is accurate, as discussed above, the misstated fact was not material to the Court's analysis and therefore is not a basis for reconsideration.

The Defendant also argues that "it could not have been anticipated that the Court would opine on the inapplicability of Evidence Rule 609 when SABLAN made it clear that he was not seeking to invoke it in the first place." *Id.* At no point in the Decision and Order does the

Court state Defendant is attempting to admit the conviction under GRE 609(b). Rather, the Court noted that Guzman's conviction is inadmissible under GRE 609(b) because it is over ten years old. Dec. and Order at 2. The Court then acknowledged that Defendant did not intend to admit the conviction under GRE 609(b) but under GRE 404(b). *Id.* Moreover, Defendant explicitly made this argument in his initial Motion in Limine, where he stated "SABLAN does not seek to use the conviction for impeachment of Guzman pursuant to Evidence Rule 609 as the 10 year limit has expired." Mot. in Limine at 4. Consequently, CVR 7.1 prohibits the Court from reconsidering this argument.

Defendant further argues that he could not anticipate ". . . that the Court would cite to cases involving the identity exception when SABLAN was not seeking to invoke the identity exception." Def.'s Reply to Opp'n. at 1. The Court disagrees. Defendant could anticipate that the Court would look at the entire GRE 404(b) exception—as that is the exception Defendant is attempting to invoke—when evaluating the issue. The Court stated in its Decision and Order that while Defendant argued that he was using the conviction to prove intent, in actuality, he was using the conviction to prove identity. Dec. and Order at 3. The Court reasoned that arguing Guzman, not Defendant, possessed the methamphetamine was a question of identity of the possessor and not a question of Guzman's intent. *Id.* at 3–4. Defendant does not state facts or law—as CVR 7.1 requires—that were unknown to Defendant at the time of the Decision and Order, or that the Court failed to consider. Instead, Defendant reiterates the arguments he made in his initial Motion in Limine because he disagrees with the Court's analysis. Absent new law or material facts the Court failed to consider, Defendant has no basis for reconsideration.

Defendant argues that he could not anticipate ". . .that the Court would conclude that the proffered evidence was for the purpose of proving SABLAN's intent rather than Guzman's

intent." Def.'s Reply to Opp'n. at 2. As Defendant is the accused in this case, he should have been able to anticipate that the Court would look to his intent when evaluating whether the conviction met the requirements of GRE 404(b). The Court acknowledges that Defendant emphasized the conviction was to prove Guzman's intent, not Defendant's intent. However, Defendant fails to argue any new facts or law pertaining to proving Guzman's intent, nor does he identify material facts the Court failed to consider. Instead, Defendant reiterates why the conviction proves Guzman's intent, as stated in his initial Motion in Limine, and cites the same case law. Without any new arguments, Defendant's disaccord with the Court's analysis is not sufficient to grant reconsideration of Defendant's Motion in Limine.

Finally, Defendant argues that ". . . it could not be anticipated that the Court discuss prejudice without specifying who was being prejudiced." *Id.* That statement is inaccurate; the Court does not discuss prejudice in its Decision and Order. The Court does note that any evidence admitted under GRE 404(b)—like all evidence—is subject to GRE 403 limitations. Dec. and Order at 4. Even so, the Court never states those limitations apply here, and it never states the conviction is prejudicial. *Id.* Therefore, this argument does not satisfy the requirements of CVR 7.1.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion for Consideration and holds that Guzman's prior conviction is inadmissible.

SO ORDERED, this _____ day of _____ FEB 1 0 2022 _____ 2022.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, T. Timblin

Date: 2/10/22 Time: 11:05am

Antonio Cruz
Deputy Clerk, Superior Court of Guam